

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

September 25, 2024

Brian E. Klein
Direct (424) 652-7814
bklein@waymakerlaw.com

**By ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  **United States v. Roman Storm**
      **23 Cr. 430 (KPF)**

Dear Judge Failla:

      We write on behalf of our client Roman Storm to respond to the government's September 18, 2024 letter motion in which it seeks (1) expert disclosures that would contravene Federal Rule of Criminal Procedure 16; and (2) notice of any advice-of-counsel defense by October 14, 2024. (*See* Dkt. 79 ("Mot.").) Throughout the letter, the government mischaracterizes the defense positions and what has transpired between the parties regarding these issues.

      At the outset it must be noted that the defense has repeatedly sought to reach agreement with the government on a comprehensive pretrial schedule (including the disclosure of any advice-of-counsel defense) that would permit an orderly and efficient trial. The government has rejected these efforts at every turn because it insists on receiving pretrial expert disclosures to which it is not entitled. Because the defense has not requested expert disclosure from the government, the plain language of Rule 16 makes it clear the government is not entitled to receive it from the defense. This is no mere formality. Requiring detailed disclosures from the defense absent the consent of the defendant would tread upon traditional concerns about forcing the defense to reveal strategy and otherwise protected and confidential information. That is precisely why Rule 16 is written the way it is. And those concerns have only been heightened with the recent amendments to the rule requiring even greater substantive disclosure once a defense request has been made.

      The government's claims that without Rule 16 pretrial expert disclosures any trial will be a "recipe for chaos" and that the defense is engaged in "gamesmanship and transparent efforts to conduct trial by ambush, which will result in unnecessary and potentially substantial mid-trial delays" are not true (nor are the *ad hominem* attacks warranted or productive). (*See* Mot. at 2, 4.) Many trials proceed in an orderly manner without Rule 16 pretrial expert disclosures (again, Rule 16 explicitly contemplates such scenarios), including one that the government references but asks the Court to ignore, the *Thompson* trial. (*See* Mot. at 5.) The defense has also been



willing to agree to a mutual set of more limited pretrial expert disclosures (*e.g.,* the exchange of CVs and brief summaries of the expected expert testimony) that the government has rejected. Further, the defense is mindful of the pertinent Federal Rules of Evidence governing expert testimony and will abide by them. The Court will also have ample opportunity to efficiently enforce them against both parties.

Lastly, the government's misguided claims of defense "gamesmanship" and "trial by ambush" actually apply to the government's position that unless the defense accedes to its demand for its version of pretrial expert disclosures, it will not provide 3500 material for government witnesses until after they are finished with their direct examination. The government tries to downplay this position, which it has repeatedly communicated to the defense, by dancing around it in a footnote. (Mot. at 2 n. 1.) To be clear, the government has made plain that its position on 3500 materials is retaliation for the defense following Rule 16's procedures.

Rather than grant the government's requests, the defense respectfully asks that the Court order the holistic schedule it has repeatedly offered to the government.

- **The Defense Welcomes a Scheduling Order and Has Repeatedly Sought Agreement from the Government.**

The defense has always and continues to want a pretrial scheduling order that permits an orderly and efficient trial and has made numerous efforts to reach agreement with the government on one (offering concessions and the willingness to be flexible in the process) without success so far.

On July 12, 2024, the Court held a hearing on pretrial motions and, with the consent of the parties, moved the trial date from September 23, 2024 to December 2, 2024. (*See* Dkt. 67.) At the hearing, the government estimated a two-week case (which the defense understands includes its estimated potential one-to-two day case-in-chief). (7/12/24 Tr. 107:18.) The trial is thus scheduled to conclude no later than December 13, 2024.

Following the Court's issuance of a revised scheduling order on July 15, 2024 (Dkt. 67), the parties met and conferred on August 2, 2024, with the government requesting the defense select a date to notify it of any advice-of-counsel defense. In response, on August 4, 2024, the defense emailed the government, in pertinent part:

> We have considered your request to select a date to notify you of whether our client intends to proceed with an advice of counsel defense. We are willing to consider selecting such a date, but we want it to be part of a holistic setting of trial-related dates for things not already covered by the Court's updated scheduling order (e.g., exchange of witness and exhibit lists and 3500 disclosure), which is attached for your convenience.

WAYMAKER

September 25, 2024
Page 3 of 9

Here is our proposal with existing dates in bold:

- October 14 (Monday) – Govt provides 404(b) notice; Defense provides notice of intention to assert an advice of counsel defense
- **November 4 (Monday) - Requests to Charge, Voir Dire, MILs**
- November 8 (Friday) - Govt provides 3500 materials
- **November 11 (Monday) – MILs oppositions**
- November 18 (Monday) - Parties provide exhibit and witness lists
- **November 19 (Tuesday) - Final pretrial conference**
- **December 2 (Monday) - Trial**

Although we are not requesting expert disclosure under Rule 16 (as we've previously discussed), we are open to a more limited mutually agreed up set of disclosures, e.g., sharing CVs, on a certain date. Please let us know your thoughts.

The defense followed up several times with the government, and finally the government responded on August 23, 2024, asking to talk. The parties spoke on August 26, 2024, at which time the government again inquired about whether the defense intended to provide pretrial expert disclosures pursuant to Rule 16, and, to the extent Mr. Storm provided notice of an advice-of-counsel defense, whether the defense would also produce any relevant documents. The defense explained that it did not, but was willing to consider other options like voluntarily agreeing to the expert disclosures under the prior version of Rule 16, and that it would consider the latter question. The defense emailed back on September 12, 2024, in pertinent part:

> One thing you asked when we last spoke on August 26 was whether our proposal to provide notice of the intention to assert an advice of counsel defense would also include providing the relevant materials. We have considered your request, and assuming we reach agreement on our proposed holistic schedule, materials would be provided along with any notice to assert that defense on October 14.
>
> Please advise us on the status of our proposal. We understand you've been considering it and the points we raised when we last spoke.

The government emailed on September 13, 2024, asking to talk again. The parties spoke on September 17, 2024, but the government once again refused to agree to any schedule barring a defense commitment to expert disclosures pursuant to Rule 16, despite the defense offering

again to consider alternative, voluntarily agreed upon disclosures (although not as expansive as the current Rule 16). The government filed its pending letter motion the next day.

The defense's proposed holistic schedule will permit an orderly and efficient trial. The defense wants nothing more than to stick to the two-week trial schedule (December 2-13) for a host of reasons. In addition to Mr. Storm wanting his "day in court," members of the defense team and surely the Court, its staff, the government, and prospective jurors have preplanned family holidays that they do not wish interrupted by unnecessary trial delays. Further, the defense is aware that the Court has a lengthy trial starting in early January 2025. (7/12/24 Tr. 107:10-11).

The lack of Rule 16 pretrial expert disclosures would not impede an orderly and efficient trial for a number of reasons that will be discussed further below. In advance of that more detailed discussion, it should be noted that one reason there should be no unnecessary delay is that the defense is willing to provide certain expert disclosures (*e.g.,* CVs and a short summary of expected testimony) before trial, assuming the government agrees to do the same and provides 3500 materials sufficiently before trial so the defense can review it to prepare for cross-examination and file any necessary motions *in limine*. This willingness to try to find middle ground was repeatedly communicated to the government and rejected by it.

- **The Government's Pretrial Expert Disclosure Request Violates the Plain Language of Rule 16 and Should be Denied.**

Since the defense never requested Rule 16 expert disclosures from the government, the Court should not grant government's request for pretrial expert disclosures followed by a *Daubert* hearing two weeks before trial.

Rule 16 requires a defendant to make expert witness disclosures to the government *only if* the defendant first requests such information from the government and the government complies with that request. The relevant text could not be clearer:

> At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial, ***if***:
> - the defendant requests disclosure under (a)(1)(G) and the government complies; or
> - the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

Fed. R. Crim. P. 16(b)(1)(C) (emphasis added). The government notes that the expert disclosure provisions of Rule 16 were amended in 2022 to address the lack of specificity regarding the

types of information that must be disclosed and the absence of an enforceable deadline for disclosure. (Mot. at 3.) But these amendments did nothing to change the conditional nature of a defendant's obligations, which, again, are triggered *only if* the defendant first requests disclosure from the government.

Indeed, courts have consistently recognized that the drafters of Rule 16 intended to include this conditional disclosure requirement as a constitutional safeguard for the defense. For example, in *United States v. Harwin*—a case the government ignores—the trial court emphasized the legislative intent and constitutional underpinning behind this language:

> As other courts have noted, if Congress believed that "disclosures as to expert witnesses creates a unique situation that mandates providing the government with such information," Congress "could have easily carved out an exception in Rule 16 as to expert[s]." (Doc. 114-1 at 3.) Even more, there are constitutional implications to compelling such criminal discovery. *See, e.g.*, *Wardius v. Oregon*, 412 U.S. 470 (1973); *United States v. Bump*, 605 F.2d 548, 552 (10th Cir. 1979) (finding disclosures pursuant to Rule 16(b) constitutional in part because "the prosecutor's right of discovery arises only after the defendant seeks discovery of similar evidence from the government").

No. 2:20-CV-115-JLB-MRM,2021 WL 5707579, at *2 (M.D. Fla. Oct. 29, 2021). The government nevertheless argues that, pursuant to the Court's "discretion and its gatekeeping function, Federal Rule of Criminal Procedure 57(b), and Federal Rule of Evidence 702," as well as the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Court should ignore the plain language of Rule 16 and order Mr. Storm to make expert disclosures in advance of a pre-trial *Daubert* hearing that it concurrently requests. (Mot. at 6.) The Court should not entertain the government's request. *See Harwin*, 2021 WL 4868439, at *2 (rejecting the government's request to draw on Rule 57(b) to order defense expert disclosures because "the Rules' plain language limits the Court's power to, outside the context of Rule 16, order a defendant to disclose information as to potential expert witnesses").

No matter how much the government may *prefer* that Mr. Storm disclose any potential experts in advance of trial, neither the clearly worded text of Rule 16 nor the government's case law addressing expert testimony in the context of civil discovery provide a basis to *require* that the defense make such disclosures absent a defense request to the government for such disclosures.[1]

---

[1] The government's citation on page 3 of its motion to *United States v. Ulbricht*, 858 F.3d 71, 114-18 (2d Cir. 2017) is misleading because the defendant there simply failed to comply with the procedural requirements of Rule 16, which he had invoked (unlike here), by providing late and

Indeed, the district court in *United States v. Thompson*, No. CR19-159-RSL, 2022 WL 841133 (W.D. Wash. Mar. 21, 2022) addressed this precise issue in a well-reasoned order that the government summarily tries to dismiss. (*See* Mot. at 5.) There, the district court rejected the argument—identical to the government's position in the instant case—that Rule 16 "controls as to the scope of defendant's pretrial discovery obligations" but "does not control the Court's discretion to manage trial procedures or exercise its expert witness gatekeeping function under Fed. R. Evid. 702, *Daubert* [...], and *Kumho*." *Thompson*, 2022 WL 841133 at *1. The *Thompson* court instead appropriately held that Rule 16 "is controlling law setting forth pretrial discovery *procedure*" and "sets forth not only the content of discovery, but the conditions under which it must be disclosed." *Id*. (emphasis in original) (citing *United States v. Dailey*, 155 F.R.D. 18, 21–22 (D.R.I. 1994) (holding that court's inherent authority could not provide a basis for upholding a standard order that removed the conditional element and made defendant's obligations automatic)). While the *Thompson* court acknowledged a district court's "broad discretion to exercise its gatekeeping function," it found that "'the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute.'" *Id.* at *2 (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)). As such, the *Thompson* court concluded that Rule 57(b) does not permit the issuance of an order that "would circumvent the conditional disclosure procedure set forth" in Rule 16. *Id.*

To make matters worse, the government outright ignores other precedent aligned with *Thompson*. *See Harwin*, 2021 WL 5707579, at *1-2; *see also United States v. Penn*, No. 20-CV-00152-PAB, 2021 WL 4868439, at *1 (D. Colo. Oct. 19, 2021) (denying the government's motion to compel defense expert disclosures where the applicable defendant did not make a reciprocal request of the government). In *Harwin*, the defense declined to request expert disclosures under Rule 16(a)(1)(G) and thus maintained it had no obligation to provide reciprocal disclosures pursuant to Rule 16(b)(1)(C)(i). *Harwin*, 2021 WL 5707579, at *1. The government there, however, took the position that it has taken here—that the trial court should order such defense disclosures because it has the inherent authority to do so. *Id.* The *Harwin* court rejected that request, finding that "because [the defendant] did not request disclosure under Rule 16(a)(1)(G), Rule 16(b)(1)(C) does not require that he 'must' provide the United States the requested expert information." *Id.*

Rather than address the reasoning of *Thompson* or *Harwin*, the government states that it "respectfully disagrees" with the *Thompson* decision, points out that it is not binding, and draws the Court's attention to the (equally non-binding) language in *United States v. Impastato*, 535 F. Supp. 2d 732 (E.D. La. 2008) to argue that district courts retain "some discretion" under *Daubert* to order pretrial expert disclosures even absent the defendant's request. (*See* Mot. at 5-6.) Yet even that decision—the only one the government cites in support of its interpretation of Rule 16—does not actually support the government's position here. The *Impastato* court did not order

---

"plainly inadequate" expert disclosures in response to the government's request. *See Ulbricht*, 858 F.3d at 115. In other words, the decision involved the adequacy of a defendant's disclosures and did not address whether such disclosures are required absent a defendant's initial request.

the defendant to disclose its experts to the government; it ordered the defendant to submit the identity and subject matter of any potential expert witnesses *in camera*, after which the court would order reciprocal discovery *only if* it found that "the witness's testimony [was] of such nature that immediate disclosure to the [g]overnment [was] warranted in order to facilitate the efficient operation of the trial." *Impastato*, 535 F. Supp. 2d. at 743-44. The *Impastato* court, in fact, first recognized that "only [the Federal Rules of Criminal Procedure] can impose the duty of disclosure on defendants, regardless of the authority of the judge." *Id.* at 743; *see also United States v. Layton*, 90 F.R.D. 520, 523 (N.D. Cal. 1981) ("[T]here is no authority for the proposition that a court has inherent authority to compel a defendant to provide pretrial discovery which is not specifically authorized in Rule 16."). Further, the *Impastato* court recognized that *Kumho* only addressed *civil* expert discovery and thus concluded that any procedure it adopted "must be crafted in a way that respects the fact that the [d]efendant has no obligation to present a defense until the [g]overnment has established its case." *Impastato*, 535 F. Supp. 2d at 743.

Because the plain language of Rule 16 and the law surrounding its interpretation are clear and in the defense's favor, the government resorts to discussing *United States v. Eisenberg*, 23 Cr. 10 (AS), in which only one member of this defense team was counsel, to bolster its case for its unprecedented request. (*See* Mot. at 5.) This attempt to sully the defense should be rejected since it is irrelevant to the legal analysis that controls.[2] For this reason, the defense does not believe it is necessary or efficient to relitigate what happened in *Eisenberg* but does feel compelled to at least note that the government takes what happened out of context and omits key facts and details.[3] For example, the expert the government references in its motion testified extensively and effectively on a number of topics in the defense case-in-chief, the trial ended within the time period of the parties' original trial estimates, and, at the end of the trial, the Court was complimentary of all trial counsels' efforts.[4]

Turning to what happened in the *Thompson* case, which the government glosses over, the Court should know that, after the ruling denying the government's request for Rule 16 pretrial expert disclosures, the parties agreed to include in their trial briefs (which were filed shortly before trial) short summaries of their proposed expert witnesses' qualifications and expected

---

[2] For this reason, the defense has not similarly tried to scour the transcripts and rulings of the four prosecutors on this case to find examples of where judges questioned their handling of experts. That said, this District's U.S. Attorney's Office has been criticized for its Rule 16 expert disclosures in the past, notably by Judge Rakoff in November 2023. *United States v. Mrabet*, 703 F. Supp. 3d 442, 445 (S.D.N.Y. 2023) (criticizing the government for "shoddy noncompliance with amended Rule 16" in disclosing expert reports that failed to provide the bases and reasons for each of the expert's opinions).)

[3] The government also misremembers when defense counsel first broached the issue of not engaging in pretrial expert disclosures. It was at the beginning of the *Eisenberg* trial.

[4] Judge Subramanian stated: "Thanks to both sides for a very well-tried case. I really appreciate it." (Tr. 1525:15-16.)



testimony.[5] Both parties' experts testified, and there were no delays in the jury trial, with it ending on schedule and the Court complimentary of all the trial attorneys (including a member of the current defense team).[6] The defense is open to a similar type of agreement with the government here. Moreover, to the extent the defense calls any experts (and it is currently contemplating several prominent ones), it is committed to making sure they meet the requirements of and abide by the pertinent Federal Rules of Evidence.

It also bears noting that there is nothing stopping the government from providing Rule 16 pretrial expert disclosures to the defense if it wishes and genuinely believes they are absolutely critical to avoiding unnecessary trial delays. After all, any experts that the government calls will testify before any possible defense experts do, and the defense may choose not to call any experts. Tellingly, however, the government only wants to make its disclosures if the Court orders the defense to do so.

Overall, the government encourages the Court to ignore not only the plain language of Rule 16 but also the conditional nature of the *Impastato* court's order and simply "order the parties to make expert disclosures in advance of the hearing." (*See* Mot. at 6.) Further, the government ignores the fact that the defense is open to more limited pretrial expert disclosures, assuming there is a holistic schedule in place, suggesting instead (and without foundation) that the defense intentionally seeks to sow trial chaos and engage in gamesmanship. The Court should reject the government's arguments as unsupported by the law and deny its request for an order mandating pre-trial expert disclosures as in clear contravention of the clear procedures set forth in Rule 16.

- **The Court Should Not Order the Pretrial Disclosure of Any Advice-of-Counsel Defense Unless the Government Also Provides 3500 Materials Sufficiently in Advance of Trial.**

Despite claiming that it is interested in trial efficiency, the government actually seeks an unfair advantage at trial by asking the Court to exercise its authority to order the defense to provide notice of the advice-of-counsel defense while planning to withhold 3500 material until after its witnesses testify on direct.

---

[5] As an example, the defense disclosed in its trial brief: "Professor Halderman is a Professor of Computer Science and Engineering at the University of Michigan as well as its Director of the Center for Computer Security and Society and Director of the Software Systems Laboratory. He is considered a worldwide leading expert on computer security. Should he testify, Professor Halderman will offer testimony regarding the subjects addressed by the proposed government experts Wayman Ho, John Strand, and Vincent Kenney, as outlined in the government's trial brief. (Dkt. No. 255 at 20-21.)." *See Thompson* Dkt. 277.

[6] Judge Lasnik stated, for example: "Superb presentation by Ms. Thompson's lawyers." (10/10/22 Tr. 3:5.)



"The Federal Rules of Criminal Procedure do not explicitly require the defense to provide notice of an advice-of-counsel defense." *United States v. Ray*, Case No. 20-CR-110 (LJL), 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021). Rule 12 only requires the defense to provide notice of an alibi defense, an insanity defense, or a public-authority defense. *See* Fed. R. Cr. P. 12.1-12.3. Thus, any "authority to require notice of an advice-of-counsel defense derives from the court's inherent authority to manage the trial before it . . . as well as from Rule 16 …, including the reciprocal obligation on the defense to produce discovery under Rule 16(b) and the power of the court to regulate discovery under Rule 16(d)." *Ray*, 2021 WL 5493839 at *5 (citations omitted).

Accordingly, to the extent the Court is inclined to grant the government's request to set a deadline for the defendant to provide notice of an advice-of-counsel defense, the Court should make it conditional on the government agreeing to produce 3500 material at the same time. Absent such reciprocity, the defense would be unduly prejudiced by potentially being required to disclose a major portion of its defense strategy in advance of trial while the government hides the proverbial ball, defeating the purpose of Rule 16. *See id.* ("The purposes of Rule 16 are 'to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery.'" (quoting *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2019)).

***

For all the above reasons, the Court should deny the government's two requests and instead order the defense's proposed pretrial schedule.

Respectfully submitted,

*B— E. K—*

Brian E. Klein
Keri Curtis Axel
Kevin M. Casey
Waymaker LLP

-and-

David E. Patton
Hecker Fink LLP

*Attorneys for Roman Storm*